634

Francisco Cruz, menor, representado por su madre con patria potestad Alejandrina Franco, demandante y apelante, *v.* Central Pasto Viejo, Inc., demandada y apelada.

No. 5599.—*Sometido:* Junio 1, 1931.   *Resuelto:* Julio 9, 1931.

*A. Aponte* y *F. Gallardo Díaz,* abogado del apelante; *Joaquín Vendrell,* abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El presente es un pleito de daños y perjuicios entablado por el menor Francisco Cruz, representado por su madre.   La demandada, Central Pasto Viejo, Inc., entre otras cosas alegó que en vida del padre de dicho menor, Raimundo Cruz por nombre, éste transigió la reclamación que aquél tenía contra la aludida demandada.   La corte, después de entrar en los méritos, así lo resolvió, y el demandante apeló.   La apelada sostiene que el recurso es frívolo y solicita que sea desestimado.

El artículo 1712 del Código Civil dispone:

"El tutor no puede transigir sobre los derechos de la persona que tiene en guarda sino en la forma prescrita en el número 12 del artículo 282 y el artículo 284 del Capítulo VII, Título X, Libro Primero de este Código.

"El padre, y en su caso la madre, pueden transigir sobre los bienes y derechos del hijo que tuvieren bajo su potestad, pero si el valor del objeto sobre que recaiga la transacción excediera de 500 dollars, no surtirá ésta efecto sin la aprobación judicial."

La transacción fué por $450, y la Corte de Distrito de Humacao creyó que esta cantidad caía dentro de las disposiciones de dicho artículo.   Sin embargo, se sostiene por el ape-

lante que hay la cuestión de si la reclamación del demandante no excedía de $500, y que, por tanto, era necesaria la aprobación de la corte de distrito. Esa aprobación no fué obtenida. En otras palabras, la parte apelante insiste en que el valor del objeto sobre que recayó la transacción excedía de quinientos dólares, o que fácilmente podría exceder de esa cantidad. El objeto no era claramente menor de $500. Como ésta es una proposición debatible, no podemos llegar a la conclusión de que la apelación sea frívola.

En el curso de su opinión, la corte se fundó en *Rivera* v. *Ribas,* 31 D.P.R. 361, como favorable al demandante. Llamamos la atención de los letrados hacia el hecho de que la sentencia en ese caso fué dictada por un tribunal dividido.

*Debe denegarse la moción.*